UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARLIN GIOVANNI PICKENS,

           Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATIONS et al.,,

           Defendants.

Case No. 3:22-cv-5318-BHS

REPORT AND RECOMMENDATION

Noted for July 15, 2022

This matter comes before the Court on the Court's Order to Show Cause (Dkt. 5) and plaintiff's proposed complaint (Dkt. 6). This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). Because plaintiff's proposed amended complaint fails to state a claim, the Court should deny plaintiff's application to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

FACTUAL BACKGROUND

Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* and a proposed complaint. Dkt. 1-1. Plaintiff's initial complaint alleged that the Federal Bureau of Investigation, the Tacoma Police Department and "South Sound 911" violated plaintiff's rights. Dkt. 1-1. The complaint alleged that plaintiff was the victim of various crimes and the defendants were unwilling to "act upon given information which

REPORT AND RECOMMENDATION - 1

1  continued to cause suffering and victimization from assailants (+15) of certain ethnicity."
2  Dkt. 1-1.
3        The Court issued an Order to Show Cause explaining that plaintiff's complaint
4  failed to allege sufficient facts to state a cause of action and that plaintiff's claims
5  against the Federal Bureau of Investigations was barred by sovereign immunity. Dkt. 1-
6  1. Based on these identified deficiencies, the Court directed plaintiff to show cause why
7  plaintiff's complaint should not be dismissed or file a proposed amended complaint to
8  cure, if possible, the deficiencies the Court identified in the complaint. Dkt. 5. The
9  deadline for plaintiff's response was set for July 1, 2022. Dkt. 5.
10       On June 14, 2022, plaintiff filed a proposed amended complaint. Dkt. 6. The
11 proposed amended complaint alleges that on June 13, 2019 and October 23, 2019,
12 employees at Virginia Mason Franciscan Health Medical Center assaulted plaintiff,
13 placed him in a four-point restraint and tortured plaintiff. Dkt. 6 at 20-25. Plaintiff
14 explains that he has filed a related action against Virginia Mason Franciscan Health and
15 its employees for this alleged conduct. Dkt. 6 at 21-22 (citing Pickens v. Virginia Mason
16 Franciscan Health, No. 3:22-cv-5019-RSM).
17       Plaintiff's proposed complaint does not allege that any of the named defendants
18 participated in this alleged misconduct at Virginia Mason Franciscan Health Medical
19 Center. Dkt. 6 at 20-25. Instead, the proposed amended complaint states that plaintiff
20 reported these incidents to the named defendants and the named defendants failed to
21 take appropriate action. Dkt. 6 at 20-25. Plaintiff alleges that the named defendants
22 violated his rights by failing to intervene or protect plaintiff from unlawful acts and by
23 failing to properly investigate plaintiff's claims. Dkt. 6 at 20-25.
24
25

REPORT AND RECOMMENDATION - 2

## DISCUSSION

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

(2) A short and plain statement of the claim showing the pleader is entitled to relief; and

(3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v.*

*Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith.* 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A. <u>Failure to State a Claim</u>

Plaintiff has failed to allege a factual basis upon which plaintiff claims any entity or individual defendant is liable. Plaintiff's proposed amended complaint provides more factual details regarding the alleged underlying conduct. However, the complaint does not identify what the named defendants allegedly did or failed to do in relation to the alleged violations. The complaint also fails to allege whether any of the acts or omissions occurred are attributable to any state or federal actor, or any facts that would plausibly show causation – i.e., a series of facts that would show how any acts or omissions, policies, customs, or practices, allegedly caused a deprivation of his rights. These vague and conclusory allegations of wrongdoing without factual support are insufficient to state a claim.

B. <u>Federal Bureau of Investigations</u>

The United States, as a sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *United States v. Dalm,* 494 U.S. 596, 608 (1990). A waiver of the United States' sovereign immunity must be unequivocally expressed in statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996). "[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations." *Thomas-Lazer v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988). Further, *Bivens* actions are only available against individual federal officials, not against the United States or agency of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").

REPORT AND RECOMMENDATION - 5

1  Plaintiff's complaint attempts to raise a cause of action against the Federal
2 Bureau of Investigations for alleged violations of plaintiff's federally protected rights.
3 Plaintiff cannot raise these claims because the claims are barred by sovereign
4 immunity.

5  C. State of Washington

6  The Eleventh Amendment of the United States Constitution prohibits a private
7 citizen from suing a state government in federal court without the state's consent. *See,*
8 *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Natural Resources*
9 *Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996).
10 This Eleventh Amendment immunity extends to state agencies. *See, Howlett v. Rose*,
11 496 U.S. 356, 365 (1990); *Natural Resources Defense Council*, 96 F.3d at 421.

12  Plaintiff's proposed amended complaint names the State of Washington as a
13 defendant in this action. Dkt. 6. Plaintiff's claims against the State of Washington are
14 subject to dismissal because they are barred by the Eleventh Amendment.

15  D. Tacoma Police Department

16  Pursuant to Fed. R. Civ. P. 17(b)(3), an entity's capacity to sue or be sued is
17 determined by the laws of the state where the Court is located. Under Washington law,
18 when bringing a claim challenging the actions, policies or customs of a local
19 governmental unit, the proper party is the county or city, not the particular municipal
20 department that allegedly committed the violation. *Nolan v. Snohomish County*, 59
21 Wn.nApp. 876, 883 (1990). Accordingly, the Tacoma Police Department is not a legal
22 entity capable of being sued -- instead the proper party for an action based on the
23 conduct of the Tacoma Police Department is the City of Tacoma.

24

25

Plaintiff's complaint fails to allege a cause of action against the City of Tacoma. While municipalities are subject to suit under Section 1983, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), they may only be liable if their policies or customs are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To state a claim against a municipal entity, a plaintiff must show that the defendant's employees or agents acted through an official custom, or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690-91*; Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

Plaintiff's proposed complaint fails to allege facts that the City of Tacoma's Police Department's policies or customs were the moving force for the alleged constitutional violations or that the Tacoma Police Department ratified any unlawful conduct.

Accordingly, plaintiff's complaint fails to state a claim against the City of Tacoma.

## CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient– this action should be dismissed without prejudice for failure to state a claim under 42 U.S.C. § 1983. The Court further recommends that plaintiff's IFP application be denied as moot.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **July 15, 2022**, as noted in the caption.

Dated this 1st day of July, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge